IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHONG SU YI, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. DKC-16-1676 |
| LOTUS CARS USA, | * | |
| Defendant | * | |

\*\*\*

## MEMORANDUM OPINION

The above-captioned complaint, invoking this court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, was filed together with a Motion to Proceed in Forma Pauperis. ECF No. 2.  Plaintiff's Motion for Leave to Proceed in Forma Pauperis shall be granted.  The facts and arguments in this case follow:

3. Federal Question:

After receiving 15 dollars under Code of Maryland Regulations 11.11.05.03; at 9/18/2015; on driver license renewal fee; where none paying person could not drive; where law is State's expression protected under first amendment;
So when State speaks through legislated laws; pa 15 dollars renewal fee; and public reply, by paying 15 dollars; and there is reply back; is there legal obligation to State?
Example is if person advertises summer camp in internet; 40 dollars, and person sends in payment via email; and owner of site reply back; Is there form of obligation by owner of site?
If so does obligation applies retroactively , for prior to renewal of driver's license; or does traffic points get erased; i.e. obligation starts new in clean slate?
If not, if points on driver license stay, then automobile ownership; when plaintiff was in lawful driver license before the renewal; be deprived without due process of the law? If so Statute of limitation without dread; fade of memory; evidence et al; constitutional under 'secure in their persons effects?

4. Facts of the case are:

Plaintiff  bought new car in 1999; canary yellow Lotus spirit v8; $92,000 dollars with 2yr bumper to bumper warranty; and engine malfunctioned; at 3,400 on odometer. Dealer refuse to cover warranty; because oil was not changed at 1,000

> mile mark; part of bumper to bumper warranty; dealer name was fox valley motors; now known as global luxury imports; with Mr. Nuccio; who still owns it; who sold the car; took the responsibility at the time of sale of car; when it had problem;
> Exceptions are using as taxi, or not following maintenance schedule; or racing. Car's piston rod broke at 180 mph; not eluding; not escaping police; and no crime was committed but driving past 55 mph; of eluding evading charges were dropped at trial. To see if car could reach 220 mph on speed odometer; and engine stalled at 180 mph; with police in souped up Camaro present; thus there was no racing; and warranty was never denied under racing; stalled due to broken piston rod;
> To void warranty under maintenance, it has to be more than one; plural "maintenances"; "services'; it was not singular.
> Fox valley did not honor warranty, or Lotus America.
> Briton parent company states its American arm is not under its own legal jurisdiction; therefore could not order to honor it.
> After 3 years of storage, it was auctioned off and no money was sent, by dealer; but letter was sent from lawyer of fox valley; we are auctioning off car contact me any time; leaving it open date.
> Drive license was not renewed from 1999 suspension till 2010;without driver's license there was no need to contest sale of stored Lotus. Therefore, it was not contested since lawyer left it at open end.
> Then driver license was renewed at 2015 for 15 dollars; allowing plaintiff to continue to drive.
> This opens up legal obligation of past points; and other effects under the allowed license; It also opens up uncontested Lotus;

*Id*., pp. 2-3.

6. Argument of the cases are:

Because Law is State's exercise of its First amendment expression, in that COMAR 11.11.05.03; allow State of Maryland to collect money in perpetuity; without statue of limitations; but it impose Statue of limitation; on a case where named defendants did not have any Dread, or evidences would degrade; or memory would fade;
So when all are intact; then and trial even when time has passed falls under 'no harm no remedy';
Via due process of the law, if State is able to enjoy perpetuity; then so must be the public via 4th amendment secure in their person and effects;

With legal argument laid out, cause of action is Fox Valley Motors sold a car; with 2 year bumper to bumper warranty; only thing that will void 2yr bumper to bumper warranty in 1999; was if proscribed maintenance were not done; starting with 1000 mile oil change;
However the condition of voiding warranty involved plural; if' maintenance services were not done"; Fox Valley and Lotus of America voided the warranty;

under one incident; "you did not change oil at 1000 miles; thus we can void warranty" in violation of covered warranty.

This vehicle was registered to plaintiff; in its name; and plaintiff had lawful driver license to operate; thus vehicle was plaintiff's secure in its persons effects; its constitutionally protected; matter by rights; not privileges; in ownership;
This is important because State of Maryland collected 15 dollar renewal fee; on driver license; which allowed plaintiff to bring fox valley motors before the court.
Fox valley, Lotus of America; State of Maryland et al had not provide compelling reasons; probable cause; why Plaintiff's rights in secure in its persons effects be violated;
Barring entry of evidence, testimony; in how probable cause exists; plaintiff asserts; its constitutional rights must be protected by court under equal protection under the law of secure in its persons; through due process of the law; because the probable cause must be stated by Fox valley et al; and mere enunciation of Statue of limitation; when there is clear violation of law; without any loss of memory any loss of evidence, and dread of being sued does not exist;
Via due process of the law; intent of murder is when gun is aimed; if so intent of violation of law is asserting statute of limitation without presenting probable cause; because there is nothing on other side of argument of asserted statue of limitation ipso facto in the prior ordo cogniscendi; something to subsumed under it;
Argument stops at assertion; it is because it is; which is circular without cause;
All legal argument has cause and effect; via chain reaction creating ipso facto in the prior ordo cogniscendi; there is nothing to propagate; by assertion;
All laws has intent scope and purpose; scope is diameter of circle; purpose is why circle exists; intent is what circle achieves;
Mere assertion of statue of limitation without providing; there was loss of memory; there was loss of evidence there was dread for 10yrs; and its unconstitutional;
None are made; thus assertion of statue of limitation alone is improper defense; to constitutionally allowed mounting of defense;
Trial must come from issues raised from incident; via objectively established subject matter; there is no subject matter to govern; on statue of limitation alone; to over come 'justice' in preamble; because preamble justice does not allow time limit; or anywhere in constitution; but in right to mount defense.
Now State has allowed plaintiff to drive; drive ipso facto in the prior ordo cogniscendi and what ever subsumes under it; is allowed;
Because legal principle is; when there is expression; and there is reply; as in the case of State's law is first amendment expression and public answers it by paying the money as required by law; there is obligation when it was returned; by form of receipt; it is legal theory of law; enumerated in many TV series; even Disney done the episode under "shake it up Chicago" where protagonists were trying to make money via opening camp for teens having problem when older man shows up; which he states; there is obligation when his email has been answered; and demand to be taught of dance;

> Via due process of the law; the same legal principle apply; the state spoke; through law; public accommodated by paying the demand and provided receipt; now there is obligation from State;
> this allows plaintiff to assert Fox Valley. And statute of limitation without probable cause enumeration, why assertion by Statute of limitation should suspend Plaintiff's secure in its persons effect; is not proper defense. Because it requires probable cause to violate suspend lesser laws to violate greater law; under theory of greater and lesser law; which is not present;

*Id*., pp. 4-7.

For relief Plaintiff seeks an injunction "invoking statute of limitation" and damages in the amount of "92,000 dollars plus 100 times punitive damage." *Id*., p. 7.

Pursuant to 28 U.S.C. §1915(e)(2), a court may dismiss a case filed *in forma pauperis* if it determines that the action is frivolous or fails to state a claim on which relief may be granted. An action is frivolous if it raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). As noted by Judge Hollander:

> To be sure, this court is required to construe liberally a complaint filed by a self-represented litigant, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and to examine the complaint using a less stringent standard than for those drafted by attorneys. *Id.; see also Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). This court must allow the development of a potentially meritorious case, *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972), and must assume the complaint allegations to be true. *Erickson*, 551 U.S. at 93. However, under 28 U.S.C. § 1915, courts are required to screen a plaintiff's complaint when *in forma pauperis* status has been granted. Pursuant to this statute, numerous courts have performed a preliminary screening of non-prisoner complaints. *See, e.g., Michau v. Charleston Cnty*., S.C., 434 F.3d 725, 727 (4th Cir. 2006) (applying 28 U.S.C. § 1915(e)(2)(B) to preliminary screening of a nonprisoner complaint); *Evans v. Albaugh*, 2013 WL 5375781 (N.D.W.Va. 2013) (28 U.S.C. § 1915(e) authorizes dismissal of complaints filed *in forma pauperis*). Under 28 U.S.C. § 1915(e)(2)(B)(ii), the court must dismiss a plaintiff's complaint if it fails to state a claim on which relief may be granted. Although pleadings filed by a self-represented plaintiff are to be liberally construed, the plaintiff's complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level" and that "state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).

*Harris v. Janssen Healthcare Products*, No. CV ELH-15-2730, 2015 WL 5897710, at *2 (D. Md. Oct. 6, 2015).

      Plaintiff has not provided any information that might lead to a reasonable conclusion that some plausible federal cause of action has accrued on his behalf.  A separate Order follows dismissing this case.

<u>August 2, 2016</u>                         _____/s/_____
                                                         DEBORAH K. CHASANOW
                                                         United States District Judge